# Exhibit J

STATE OF MICHIGAN
EXECUTIVE OFFICE
LANSING

RICK SNYDER
GOVERNOR

BRIAN CALLEY
LT. GOVERNOR

December 22, 2011

Michigan House of Representatives
State Capitol Building
Lansing, Michigan 48913

Ladies and Gentlemen:

I have today signed Enrolled House Bill 4770, which prevents a public employer from providing medical or other fringe benefits to certain unrelated individuals who reside with public employees. I am gratified that the Legislature removed the definition of public employer from the bill, which included institutions of higher education, in favor of a definition of public employees that makes no specific reference to university employees. The constitutional autonomy of universities has been reviewed many times by the courts since the adoption of the 1963 Michigan Constitution. Article VIII, sections 5 and 6 of the Michigan Constitution state that each university board "shall have general supervision of its institution and the control and direction of all expenditures from the institution's funds." The Michigan Supreme Court unanimously stated in *WT Andrew Co, Inc v Mid-State Surety Corp* that a university board of control "possesses complete power over financial decisions affecting the university." *WT Andrew Co, Inc v Mid-State Surety Corp,* 450 Mich 655 (1996).

This autonomy was reaffirmed by the Michigan Supreme Court in *Federated Publications, Inc v Michigan State University Bd of Trustees*, 460 Mich 75, 86-87; 594 NW2d 491 (1999), where the court stated:

> This Court has long recognized that Const 1963, art 8, § 5 and the analogous provisions of our previous constitutions limit the Legislature's power. "The Legislature may not interfere with the management and control of" universities. *Regents of the University of Michigan v Michigan*, 395 Mich 52, 65; 235 NW2d 1 (1975). The constitution grants the governing boards authority over "the absolute management of the University, and the exclusive control of all funds received for its use." *State Bd of Agriculture v Auditor General*, 226 Mich 417, 424. This Court has "jealously guarded" these powers from legislative interference. *Bd of Control of Eastern Michigan Univ v Labor Mediation Bd*, 384 Mich 561, 565; 184 NW2d 921 (1971).

December 22, 2011
Page 2

In addition, members of the classified state civil service are not covered by the terms of Enrolled House Bill 4770. Article XI, sec. 5 of the constitution gives the Civil Service Commission responsibility for setting rates of compensation and regulating all conditions of employment in the classified service. The Legislature acknowledged this limitation when it attempted to pass SCR 9 to reverse the Civil Service Commission's decision to confer benefits upon state employees for unrelated individuals who reside with them.

This means, therefore, that the provisions of Enrolled House Bill 4770 do not extend to university employees or state employees under civil service. This is so under Enrolled House Bill 4770's own terms, which provides in section 5 that its substantive provisions apply only to the extent "consistent with constitutionally allocated powers."

Sincerely,

Rick Snyder
Governor