Exhibit K

| DOMESTIC PARTNER BENEFITS | | H.B. 4770 & 4771 (H-2):<br>COMMITTEE SUMMARY |
|---|---|---|
| *Senate Fiscal Agency*<br>*P. O. Box 30036*<br>*Lansing, Michigan 48909-7536* | BILL  ANALYSIS | Telephone: (517) 373-5383<br>Fax: (517) 373-1986<br>TDD: (517) 373-0543 |

House Bill 4770 (as passed by the House)
House Bill 4771 (Substitute H-2 as passed by the House)
Sponsor: Representative Dave Agema
House Committee: Oversight, Reform, and Ethics
Senate Committee: Reforms, Restructuring and Reinventing

Date Completed: 10-18-11

## CONTENT

**House Bill 4770** would create the "Public Employee Domestic Partner Benefit Restriction Act" to prohibit public employers (including the State, a local unit of government, a school district, and a university) from providing medical or other benefits to an individual living with a public employee unless the individual were the employee's spouse or dependent or someone eligible to inherit from the employee.

**House Bill 4771 (H-2)** would amend the public employment relations Act to make the provision of benefits in conflict with the proposed Act a prohibited subject of bargaining.

House Bill 4771 (H-2) is tie-barred to House Bill 4770.

### House Bill 4770

The bill would prohibit a public employer from providing medical benefits or other fringe benefits for an individual currently residing in the same residence as an employee of the public employer if the individual were not one or more of the following:

-- Married to the employee.
-- A dependent of the employee, as defined in the Internal Revenue Code.
-- Otherwise eligible to inherit from the employee under the laws of intestate succession (inheritance in the absence of a valid will) in this State.

A provision in a contract entered into after the bill's effective date that conflicted with this prohibition would be void.

If a collective bargaining agreement or other contract that was inconsistent with the prohibition were in effect for an employee of a public employer on the bill's effective date, the prohibition would not apply to that group of employees until the agreement or contract expired or was amended, extended, or renewed.

The prohibition would apply to all public employers to the greatest extent consistent with constitutionally allocated powers.

"Medical benefits" would mean medical, optical, or dental benefits, including hospital and physician services, prescription drugs, and related benefits.

"Public employer" would mean this State; a city, village, township, county, or other political subdivision of the State; any intergovernmental, metropolitan, or local department, agency, or authority, or other local political subdivision; a school district, a public school academy, or an intermediate school district; a community college or junior college; or an institution of higher education described in the State Constitution.

### House Bill 4771 (H-2)

The public employment relations Act requires a public employer to bargain collectively with the representatives of its employees with respect to wages, hours, and other terms and conditions of employment, and permits a public employer to enter into collective bargaining agreements with those representatives. The obligation to bargain collectively does not compel either party to agree to a proposal, and certain limitations apply to the requirement to engage in collective bargaining.

The bill specifies that health insurance or other fringe benefits for any individual currently residing in the same residence as an employee of a public employer on terms that conflicted with the Public Employee Domestic Partner Benefit Restriction Act would be a prohibited subject of bargaining.

MCL 423.215 (H.B. 4771)                                   Legislative Analyst: Suzanne Lowe

**FISCAL IMPACT**

The bills would result in an indeterminate amount of savings for the State and local units of government, depending on the number of public employees' domestic partners who would not be eligible for medical or other benefits under the bills, and the cost of the benefits that would not be offered.

Based on recent data from the Civil Service Commission, 138 employees enrolled their domestic partners and/or their partners' dependents in the State's Health Care benefits plan. According to the Commission, the additional cost to the State for these benefits for FY 2011-12 is $893,000.

The prohibition of health care benefits for domestic partners would save the current $893,000; however, there are potential additional savings if more employees would enroll in the future absent the prohibition. The savings that would result for local units of government are indeterminate as the data are not available. The number of additional classified employees who actually would enroll unrelated adults and their dependents in the State Health Plan also is indeterminate. However, based on the estimated average annual cost of the State Health Plan, the following determinations and assumptions can be made.

As of October 1, 2011, the average annual premium of the State PPO plan for health care for a single classified employee with no dependents was an estimated $7,200. If the employee was hired before April 1, 2010, the State pays 90% or $6,500 of that premium. If the employee was hired on or after April 1, 2010, the State pays 80% or $5,800 of that premium.

As of October 1, 2011, the average annual premium of the State PPO plan for health care for a married classified employee with dependents was an estimated $19,800. If the employee was hired before April 1, 2010, the State pays 90% or $17,800 of that premium. If the employee was hired on or after April 1, 2010, the State pays 80% or $15,800 of that premium.

According to the estimated number of State employees affected, approximately 32,000 employees could qualify to add unrelated adults and their dependents to the State Health Plan. Based on the figures noted above, the difference in the State's cost for the most expensive plan for married couples with dependents ($17,800) and the cost for singles with no dependents ($6,500) is $11,300. Thus, for each 1.0% (320 employees) of the eligible employees who enrolled in the plan, the maximum potential estimated cost to the State would be $3.6 million annually gross, and an estimated $1.9 million GF/GP.

The prohibition against collectively bargaining domestic partner benefits could potentially result in the savings discussed above.

Fiscal Analyst: Joe Carrasco

S1112\s4770sa.
This analysis was prepared by nonpartisan Senate staff for use by the Senate in its deliberations and does not constitute an official statement of legislative intent.

Page 3 of 3          Bill Analysis @ www.senate.michigan.gov/sfa          hb4770&4771/1112