UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA BASSETT and CAROL
KENNEDY, PETER WAYS and JOE
BREAKEY, JOLINDA JACH and BARBARA
RAMBER, DOAK BLOSS and GERARDO
ASCHERI DENISE MILLER and
MICHELLE JOHNSON,

    Plaintiffs,

v

RICHARD SNYDER, in his official capacity
as Governor of the State of Michigan,

    Defendant.

No. 2:12-cv-10038

HON. DAVID M. LAWSON

MAG. MICHAEL J. HLUCHANIUK

---

Michael J. Steinberg (P43085)
American Civil Liberties Union Fund of Michigan
Attorney for Plaintiffs
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6814

Amanda C. Goad
American Civil Liberties Union
Foundation
Attorney for Plaintiffs
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2661

Margaret A. Nelson (P30342)
Mark E. Donnelly (P39281)
Attorney for Defendant
Michigan Department of Attorney General
Public Employment, Elections & Tort Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434

John A. Knight
American Civil Liberties Foundation
Attorney for Plaintiffs
180 N. Michigan Ave, Ste 2300
Chicago, IL 60601
(312) 201-9740

/

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION
TO COMPEL DISCOVERY**

Plaintiffs filed their amended complaint [R. 1] on February 17, 2012, challenging the constitutionality of 2011 PA 297, M.C.L. 15.581, *et. seq.,* and requesting a preliminary injunction. On March 2, 2012, in lieu of filing an answer,

Defendant filed a motion to dismiss Plaintiffs' amended complaint [R. 15]. The motion was not fact based, but rather was brought raising pure questions of law. Defendant filed a corrected motion to dismiss on March 5, 2012 [R. 17].

On March 7, 2012, Plaintiffs filed a motion for preliminary injunction [R. 18]. On March 9, 2012, after a case conference with the parties, this Court issued a Preliminary Case Management and Scheduling Order [R. 26]. Among other deadlines, initial discovery related to the pending motions was to be completed by May 15, 2012, and arguments were scheduled for June 29, 2012. These dates were later amended to May 29, 2012, and August 7, 2012, respectively.

The parties were initially under the impression that this preliminary phase of discovery was limited and did not include depositions. After consulting the scheduling order, the parties confirmed that there was no specific limitations set forth in the order. The parties agreed not to seek clarification of the order but, rather, would involve the Court in discovery disputes only if a party felt it was necessary. The parties have engaged in considerable discovery since the scheduling conference. In particular, Plaintiffs have submitted extensive written discovery to the Defendant that has required a considerable amount of time and expense to answer.

Plaintiffs have now directed a Fed. R. Civ. P. 30(b)(6) video deposition notice to the Governor's office identifying the following areas of inquiry:

    (a)  The State's proffered justifications for PA 297; and

    (b)  Internal and external communications by the State and/or its agents regarding the bills resulting in PA 297, plans or requests for passage

2

of such bills, and/or regarding PA 297, or its effects, before and after its passage.

Defendant objects to the deposition. Not only will any 30(b)(6) deponent be unable to provide any particular insight into the origins and motivations behind PA 297 as it was a legislative—not an executive—initiative, the deponent would be unable to offer any insight into the meaning behind the written communications provided. At best, the deponent would be left to offer an interpretation of the documentation already provided. The deposition would be a foolish and useless, but expensive, undertaking.

To the best of Defendant's knowledge, Plaintiffs have been provided all of the information the executive branch has regarding PA 297. Plaintiffs' pursuit of a video deposition on these two issues does not further any legitimate discovery need at this preliminary stage; is unreasonably cumulative or duplicative of discovery already provided; is designed to annoy and/or embarrass the Defendant; and the burden or expense of associated with the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action and the importance of the discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2)(C).

PA 297 limits the benefits a public employer may provide by prohibiting medical benefits or other fringe benefits for an individual currently residing in the same residence as a public employee. M.C.L. 15.583. Plaintiffs allege PA 297 denies due process and equal protection to same-sex domestic partners by prohibiting public employers from providing those benefits. Because public

3

employer provided medical benefits is not a constitutionally guaranteed fundamental right (see, generally, *Board of Regents v. Roth*, 408 U.S. 564, 577(1972)) and sexual orientation is not a protected classification (*Davis v. Prison Health Services, et al* 2012 U.S. App. LEXIS 9548, 2012 FED App. 131P (6th Cir. May 10, 2012)), the underlying legal issue in this case is whether there is a rational basis for PA 297. Plaintiff must negate every conceivable basis that would support the PA 297 or demonstrate that it was motivated by animus or ill-will. *Warren v. City of Athens*, 411 F.3d 697, 711 (6th Cir. 2005).

Notwithstanding some of the language in their motion to compel, Plaintiffs' counsel have repeatedly told defense counsel that the 30(b)(6) deposition sought is not an attempt to inquire into the individual or collective intent of Michigan's legislators. And the notice directed to the Governor is careful to ask for a deposition on the state's "proffered justifications for PA 297". So this motion is not about whether Plaintiffs could engage in discovery concerning the legislature's intent or whether the legislature was motivated by animus.

Here, Defendant has provided the legislative history of PA 297 documenting that the rationale behind the legislation was two-fold: it served to both uphold the will of the voters' passage of Michigan's marriage amendment, Const. 1963, Art. I, § 25 and demonstrate fiscal restraint by helping to reign in the costs of public employee benefits. And Defendant has provided every conceivable financial document concerning the state's budget requested by Plaintiffs. Similarly, Defendant has provided every conceivable correspondence concerning PA 297 that

4

exists within the executive branch requested by Plaintiffs—except those for which a privilege has been asserted.

There is nothing a 30(b)(6) deponent can provide to Plaintiffs beyond what has already been provided. The deponent will spend his or her time identifying documents already produced with little or no insight into their content. And the proffered justifications are essentially self–evident. It is axiomatic that it will cost a public employer less money to provide health insurance to fewer people. Plaintiffs have all of the documentation they need to argue that the savings to public employers is *de minimus* if they wish. This fact is aptly demonstrated by the voluminous supplemental filing by Plaintiffs on June 8, 2012, in support of their motion for preliminary injunction [R. 38].

Similarly, whether a law that conceivably benefits only traditional marriage has a rational basis to a legitimate government purpose is a legal question. Discovery is unnecessary. On this issue, it is undisputed that in 2004, the Michigan Constitution was amended—by voter initiative— to add Mich. Const. 1963, Art. 1, §25, which provides that the "union of one man and one woman in marriage shall be the only agreement recognized as a marriage or similar union for any purpose." Moreover, the Michigan Supreme Court affirmed that Art. 1, §25 prohibits public employers from providing benefits to same-sex domestic partners that were defined in terms of their gender and lack of close blood connection. *National Pride at Work v. Granholm*, 481 Mich. 56 (2008). And as a result, some public employers revised and expanded their health insurance policies to provide benefits to another "qualified adult" in order to comply with (or circumvent) the *National Pride* decision. The

5

legislature responded with PA 297 in an effort to uphold the will of Michigan's citizenry when they voted for the marriage amendment (as well as encourage fiscal restraint among public employers).

At this stage of the litigation, there is simply no need for the requested deposition. The parties' pending motions are largely questions of law for which the additional requested discovery has additional relevance or bearing on those motions. The requested 30(b)(6) deposition is unreasonably cumulative and duplicative of discovery already provided; is designed to annoy and/or embarrass the Defendant; and the burden or expense associated with it outweighs its likely benefit.

Defendant respectfully requests that this Court deny Plaintiffs' motion to compel discovery and relieve him from any duty to respond to the Rule 30(b)(6) deposition notice.

> Respectfully submitted,
>
> BILL SCHUETTE
> Attorney General
>
> *s/ Mark E. Donnelly*
> Margaret A. Nelson (P30342)
> Mark E. Donnelly (P39281)
> Attorneys for Defendant
> Michigan Department of Attorney General
> Public Employment, Elections & Tort Div
> P.O. Box 30736
> Lansing, MI 48909
> Primary E-mail: donnellym@michigan.gov
> (P39281)

Dated: June 8, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on June 8, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such.

                    *s/ Mark E. Donnelly*
                    Mark E. Donnelly (P39281)
                    Attorney for Defendant
                    Michigan Department of Attorney General
                    Public Employment, Elections & Tort Div
                    P.O. Box 30736
                    Lansing, MI 48909
                    (517) 373-6434

S:\PEET_Assignment_Control\Cases\Open\2012\Bassett, T - USDC-ED 2012-0001512-A\Rsp 2 motion 2 compel.doc