# Exhibit 1

## Murley, David (GOV)

**From:** Durfee, Sally (GOV)
**Sent:** Thursday, December 08, 2011 1:11 PM
**To:** Posthumus, Dick (GOV); Gadola, Michael (GOV)
**Subject:** FW: HBs 4770, 71
**Attachments:** re HB 4770 - 4771.pdf

**From:** Levy, Daniel (MDCR)
**Sent:** Thursday, December 08, 2011 12:33 PM
**To:** Ackerman, Darin (GOV); Durfee, Sally (GOV)
**Cc:** Fritz, Leslee (MDCR); Krichbaum, Daniel (MDCR)
**Subject:** HBs 4770, 71

Darin, Sally,

Just a reminder of our position on the bills related to insurance benefits for unmarried partners that passed in Senate yesterday. We recognize (though don't agree) that there may be a need for the state not to take on this expense, particularly in the present economic conditions. The same would apply to local government units making up their own minds. We object, however, to the insistence both to do this by way of statute – and to the application of the statute to employees of governmental units other than the state.

Each unit of government should have the ability to make its own decisions on how best to serve their population. That the very advocates for local control want to make it illegal for local governments to even consider providing this benefit to their employees belies the claim that the legislation is only about money. It is about sending a message that Michigan would prefer LGBT persons (along with their businesses and skills) live elsewhere.

The Senate version now omits universities from the employers facing the ban, which is an improvement both because they were the bodies most likely to be negatively impacted, and because the decision not to challenge their educational autonomy likely makes the bill constitutional.

I don't know the extent to which your office may have been involved in removing the universities, but do not believe the Governor has indicated his intent to either sign or veto the bills should they now reach him without the unconstitutional provision attached. We would continue to urge that attempt to disguise the wolf (anti-gay social policy) by dressing it in sheep's clothing (fiscal frugality). Decisions involving state employees should be made by the executive branch within the context of employee/employer relations and contracts – not by blanket legislative prohibitions (what if employees offered to give up a more costly benefit in return for this one?). How best to attract, retain, and compensate their own employees should similarly be left to each unit of government that is an employer.

I would be happy to discuss this matter with you (or others) if you believe it would be helpful to do so. To the extent possible, we would also appreciate advance notice of the Governor's final decision and rational when he reaches it, so that we may help to try and ensure others do not misrepresent them.

Dan

1

Daniel M. Levy
Director for Law and Policy
Michigan Dept. of Civil Rights
3054 W. Grand Blvd., Suite 3-600
Detroit, MI 48202
tel: (313) 456-3812
fax: (313) 456-3791

+------------------www.michigan.gov.mdcr------------------+

**Notice of Confidentiality:** The transmitted information is for the exclusive use of the intended recipient(s). If you are not the intended recipient, please be aware that any review, use, dissemination, distribution, or copying of this communication, in whole or in part, is prohibited. If you received this communication in error, please notify us immediately by e-mail reply or by phone (800-482-3604), delete the communication and destroy any copies.

+------------------www.michigan.gov.mdcr------------------+