Exhibit 1

```
1                  UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF MICHIGAN
2                        SOUTHERN DIVISION

3   Theresa Bassett and Carol Kennedy,
    Peter Ways and Joe Breakey,
4   JoLinda Jach and Barbara Ramber,
    Doak Bloss and Gerardo Ascheri,
5   Denise Miller and Michelle
    Johnson,
6
                         Plaintiff,       Case No. 12-10038
7      -v-

8   Richard Snyder, in his official
    capacity as Governor of the State
9   of Michigan,

10                       Defendant.
    _____/
11
                         MOTION HEARING
12
          BEFORE THE HONORABLE DAVID M. LAWSON
13               United States District Judge
           Theodore Levin United States Courthouse
14              231 West Lafayette Boulevard
                      Detroit, Michigan
15                    August 7, 2012

16  APPEARANCES:

17  FOR PLAINTIFFS:      AMANDA C. GOAD
                         JOHN A. KNIGHT
18                       ACLU Foundation
                            and
19                       MICHAEL J. STEINBERG
                         ACLU of Michigan
20                          and
                         AMY E. CRAWFORD
21                       Kirkland & Ellis, LLP

22  FOR THE DEFENDANT:   MARGARET A. NELSON
                         Michigan Department of Attorney General
23

24

25         To Obtain a Certified Transcript Contact:
           Rene L. Twedt - www.transcriptorders.com
```

1   controlling the costs do go into things like the Economic
2   Vitality Incentive Program, but that's conceptually different
3   from discriminatory denial of benefits to the few.
4           Finally, on the question of the public interest and
5   whether it's relevant that the public employers of these
6   Plaintiffs have stepped up to articulate their reasons, I
7   would submit that the feelings of the Deputy Superintendent
8   of Ann Arbor Public Schools, the City Manager of Kalamazoo,
9   the Controller of Ingham County, and the President of
10  Kalamazoo Valley Community College are relevant to assessing
11  the public interest.  But the public interest is always harmed
12  where unconstitutional State action is being allowed to
13  continue.  So that's our primary basis for arguing that the
14  public interest favors an injunction.
15          Further, the State has not been able to articulate
16  any meaningful harm it is incurring from the existence of this
17  Act -- excuse me -- from the injunction of this Act, thus,
18  they have made no showing that a public interest would not
19  favor the injunction.
20          THE COURT:  Anything further?
21          Ms. Goad, I say, anything further?
22          MS. GOAD:  No, sir.
23          THE COURT:  Yes.
24          MS. NELSON:  Your Honor, would you care for briefing
25  on the injunction, on the scope of the injunction issue?

1    Because I believe Kowalski versus Tesmer resolved that issue
2    for the Court.
3              THE COURT:  No, I don't need any additional briefing.
4              MS. NELSON:  Thank you.
5              THE COURT:  Mr. Knight, did you have something else?
6              MR. KNIGHT:  I'm sorry.  I just was going to offer to
7    do that, if you would like briefing on this issue of the scope
8    of the injunction.
9              I think Ms. Goad said earlier that we had addressed
10   it.  I don't think we fully addressed that issue in the brief.
11   It is true that the Diaz case actually issued a broader
12   injunction than Ms. Goad has talked about, but we could
13   certainly brief that issue if your Honor would like us to.
14             THE COURT:  Well, you know, I'm -- I'm not certain
15   as to the direction I'm going with this case yet, but it seems
16   to me that if your arguments are not persuasive with respect
17   to a facial challenge, the as-applied challenge, I don't know
18   that it would help you that much under the circumstances, so
19   as far as the scope of the injunction is concerned, I don't
20   think I need additional briefing from you on that point.
21             MR. KNIGHT:  There is case law and we do have --
22   we have researched this issue.  There is case law for
23   as-applied challenges where the relief was broader than just
24   the Plaintiffs; that is, if there was a class of people who
25   were affected in the same way because of an unconstitutional