UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THERESA BASSETT, CAROL KENNEDY,
PETER WAYS, JOE BREAKEY, JOLINDA
JACH, BARBARA RAMBER, DOAK BLOSS,
GERARDO ASCHERI, MICHELLE JOHNSON,
and DENISE MILLER,

        Plaintiffs,        Case Number 12-10038
                              Honorable David M. Lawson

v.

GOVERNOR RICHARD SNYDER,

        Defendant.
_____/

**AMENDED PRELIMINARY CASE MANAGEMENT AND SCHEDULING ORDER**

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Plaintiff Expert Disclosures Exchanged By: | November 15, 2013 |
| Defendant Expert Disclosures Exchanged By: | December 16, 2013 |
| Discovery Cutoff: | January 31, 2014 |
| Motions Challenging Experts Due: | February 17, 2014 |
| Dispositive Motions Filed By: | February 17, 2014 |

I.    Computation of time under this order and under any notice of any scheduling order or notice in this cause shall be in conformity and accordance with Fed. R. Civ. P. 6(a).

II.    DISCOVERY.

    A.  **The Court reminds the parties that Fed. R. Civ. P. 5(d) and E.D. Mich. LR 26.2 prohibit the filing with the Clerk depositions, interrogatories, requests for the production of documents, requests for admission, responses to such discovery material,** *and certificates of service* **except as provided for in Local Rule 26.2. Additionally, disclosures under Rule 26(a)(1) and (2), the corresponding discovery requests and responses must not be filed with the Clerk until they are used in the proceedings or the Court orders them to be filed pursuant to Local Rule 26.2.** *See* **Fed. R. Civ. P. 5(d).** *Parties and counsel*

*who submit filings in violation of these provisions may be assessed costs by the Court.*

B. Discovery related to the motions pending in the case shall be completed on or before **January 31, 2014**. This Court will address the need for further discovery if necessary after disposing of the pending motions.

C. Proposed protective orders must comply with the guidelines contained on the Court's web page. *See* http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=20

III. GENERAL MOTION PRACTICE.

A. Discovery motions may be referred to the magistrate judge. Once a motion has been referred, all communication regarding that motion should be directed to the magistrate judge's chambers.

B. The Court strictly enforces the requirements of Eastern District of Michigan Local Rules 5.1 and 7.1 and the Electronic Filing Policies and Procedures for all motions. Failure to follow these rules likely will result in a denial of the motion and may lead to sanctions.

C. <u>The Court requires strict compliance with LR 7.1(a), which requires moving parties to seek concurrence before filing a motion.</u> The Court requires that a good-faith effort be made to obtain concurrence, which normally involves actual contact with opposing counsel. If no actual conversation occurs, the moving party must show that reasonable efforts were undertaken to conduct a conference. All of this must be documented specifically in the motion papers.

D. Motions must be clear and succinct without extensive factual development. All briefs must comply with Eastern District of Michigan Local Rules 5.1 and 7.1, and must contain citation to appropriate authorities within the text of the brief (not in footnotes), and citations must conform to the latest edition of <u>The Bluebook: A Uniform System of Citation</u> published by the Harvard Law Review. In addition, briefs must contain a concise statement of facts supported by references to the record. Footnotes are discouraged, but if they are utilized they must be printed in the same font size as the text, which may not be less than 12 points.

E. Answers to motions and supporting briefs must be filed according to the schedule set forth in LR 7.1(d). Note that Rule R5(e) of the Electronic Filing Policies and Procedures prohibits combining an answers to a motion with a counter-motion in the same filing. *The Court generally does not issue a briefing schedule. The Court enforces the response and reply due dates as set forth in LR 7.1(d) and Fed. R. Civ. P.6, even when the motion hearing is set far in advance.* Attorneys who do not

    respond to motions in a timely fashion are not permitted to argue before the Court during oral argument, if oral argument is scheduled.

  F. Counsel are discouraged from employing elaborate boilerplate recitations of the applicable motion standards and lengthy string citations in support of well-established legal principles. Instead, counsel should focus their analysis on a few well-chosen cases, preferably recent, published, and from controlling courts.

  G. Facts stated in the statement of facts must be supported with citations to either the pleadings, interrogatories, admissions, depositions, affidavits, or documentary exhibits.

  H. When referring to unpublished sources, the full text of any unpublished source cited should be filed with Court as an appendix. The appendix shall contain an index. As to cited depositions testimony, counsel are also encouraged to supply the Court with a transcript of cited page(s) together with sufficient accompanying pages to provide context. All citations must have page references. Other documents referred to in the briefs should be included in the appendix.

  I. Courtesy copies of motions and briefs must be provided to chambers in accordance with Rule R5(b) of the Electronic Filing Policies and Procedures.

  J. If a hearing is scheduled, the Court's Case Manager will send out a notice of the hearing date.

  K. The Court endeavors to decide pending motions promptly, ordinarily within six weeks after a hearing, or within three weeks after the time for a response has passed without a response being filed. Complex motions or those raising novel issues may require additional time to conclude. If a motion has been pending in chambers without resolution for an apparently inordinate time, counsel are asked to notify the Court's case manager by telephone or in writing (jointly if possible) as to the status of the motion. Such notification is a service that is appreciated by the Court and is not viewed by the Court as inappropriate or impertinent.

IV.   E-FILING.

  A. All attorneys must obtain a PACER account and become a registered user to allow participation in the Case Management/Electronic Case Filing (CM/ECF) system. *All* attorneys should become familiar with the CM/ECF Policies and Procedures, which can be found as an Appendix to the Local Rules.

  B. Registered users will be notified immediately by the CM/ECF system of the Court's filing of orders, opinions, and notices. Attorneys who are not registered users may retrieve paper copies of orders and opinions from the office of the Clerk of the Court, 231 W. Lafayette Blvd., 5th Floor, Detroit, Michigan.

      C. Courtesy copies submitted in accordance with Rule R5(b) of the Electronic Filing Policies and Procedures may be sent by ordinary mail posted within one (1) business day of the e-filing date. Paper copies should be directed to chambers and NOT filed in the Clerk's office.

      D. **WARNING!** UNDER THE E-GOVERNMENT ACT OF 2002, CERTAIN INFORMATION MUST NOT BE INCLUDED IN COURT DOCUMENTS. BEFORE FILING ANY COURT DOCUMENTS, EITHER ELECTRONICALLY OR IN THE TRADITIONAL MANNER, CONSULT THE E-GOVERNMENT NOTICE THAT CAN BE FOUND AT http://www.mied.uscourts.gov/Rules/Plans/07-AO-030.pdf.

      E. <u>Proposed orders and stipulated orders should not be e-filed.</u> Rather, they should be submitted to chambers through the document utilities feature of the CM/ECF. *See* Rule R11 of the Electronic Filing Policies Procedures. Submissions must be in current WordPerfect format. Electronic signatures must conform to Rule R9 of the Electronic Filing Policies and Procedures.

      F. No documents may be filed or submitted under seal without prior approval of the Court, except as permitted by LR 5.3(a). Parties seeking to file sealed items must comply with LR 5.3(b)-(e).

V. **Requests for extension of a scheduling order date are not routinely granted.** All requests shall be made *in writing* to the Court setting forth good cause, *see* Fed. R. Civ. P. 16(b)(4), in a (1) stipulation by the parties with a proposed order or (2) motion to extend the date which states that concurrence was sought and refused. The Court will consider persuasiveness of the reasons for the extension and the overall reasonableness of the request, including its effect on the other dates in the scheduling order.

VI. The Court will not allow counsel not admitted in the Eastern District to practice upon a special motion. All inquiries regarding admission to the Eastern District must be directed to the Clerk's Office at (313) 234-5005.

VII. Counsel may contact the Court's Case Manager with questions regarding the Court's practices, this order, or other matters of practice and procedure. However, **before calling chambers,** please consult the Court's web page at:

  http://www.mied.uscourts.gov/Judges/guidelines/index.cfm?judgeID=20.

VIII. Other: The Court will hear oral argument on the motions for summary judgment on **Tuesday, April 15, 2014 at 3:00 p.m.**

                                                       s/David M. Lawson
                                                       DAVID M. LAWSON
                                                       United States District Judge

Dated: September 27, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 27, 2013.

                                        s/Shawntel R. Jackson
                                        SHAWNTEL R. JACKSON