UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| THERESA BASSETT and CAROL KENNEDY, PETER WAYS and JOE BREAKEY, JOLINDA JACH and BARBARA RAMBER, DOAK BLOSS and GERARDO ASCHERI, DENISE MILLER and MICHELLE JOHNSON,<br><br>    Plaintiffs,<br>v<br><br>RICHARD SNYDER, in his official capacity as Governor of the State of Michigan,<br><br>    Defendant. | No. 2:12-cv-10038<br><br>HON. DAVID M. LAWSON<br><br>MAG. MICHAEL J. HLUCHANIUK<br><br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE** |

| | |
|---|---|
| Michael J. Steinberg (P43085)<br>American Civil Liberties Union Fund of Michigan<br>Attorney for Plaintiffs<br>2966 Woodward Avenue<br>Detroit, MI 48201<br>(313) 578-6814 | Amanda C. Goad<br>American Civil Liberties Union Foundation<br>Attorney for Plaintiffs<br>1313 West 8th Street<br>Los Angeles, CA 90017<br>Telephone: (213) 977-9500<br>Facsimile: (213) 977-5273 |
| Margaret A. Nelson (P30342)<br>Mark E. Donnelly (P39281)<br>Rock A. Wood (P41181)<br>Michael F. Murphy (P29213)<br>Attorneys for Defendant<br>Michigan Dept. of Attorney General<br>Public Employment, Elections & Tort Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434 | John A. Knight<br>American Civil Liberties Union of IL<br>Attorney for Plaintiffs<br>180 N. Michigan Ave, Ste. 2300<br>Chicago, IL 60601<br>(312) 201-9740 |

/

                                        Bill Schuette
                                        Attorney General

                                        Michael F. Murphy
                                        Assistant Attorney General
                                        Attorneys for Defendant
                                        Public Employment, Elections
                                        and Tort Division
                                        P.O. Box 30736
                                        Lansing, MI 48909
                                        (517) 373-6434
                                        MurphyM2@michigan.gov
                                        P29213

Dated:  March 10, 2014

# INTRODUCTION

Plaintiffs' arguments in support of the testimony of M.V. Lee Badgett as to her qualifications, relevance, and necessity are not availing. The testimony is not necessary to the resolution of the central issue, which is the reasonableness and rationality of the state statute, Mich. Pub. Acts 297 of 2011 (P.A. 297). P.A. 297 does not violate the Equal Protection Clause of the Fourteenth Amendment.

Plaintiffs have acknowledged that the statute will save the State and its local units of government money. The issue is how much will be saved and its relevance to "other qualified adult (OQA) benefits." The testimony of M.V. Lee Badgett is unnecessary and irrelevant, thus, the Court should disqualify her from testifying.

# ARGUMENT

**I. Federal law supports the exclusion of Badgett's testimony.**

Admission or exclusion of expert testimony is within the broad discretion of the trial court. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). See also *Daubert v. Merrell Dow Pharmaceutical*, 509 U.S. 579, 589 (1993). In order to satisfy the *Daubert* requirements, the *principles* and *methodology* used by the expert must be recognized in

the field in which the expert practices. This is precisely what is lacking with Dr. Badgett's opinions here (Badgett Dep. at 102-103).

> Q. But you don't know what percentage it is of public sector employers or public sector employers with an OQA policy, correct?
>
> A. Well, that's not the question that I'm asking. If the question that I was asking would be "How common are these policies amongst public employers in the State of Michigan?" then I would look for that information. That's not what my question is, though.
>
> Q. But you hold your paper up -- well, strike that. Do you believe that the report that you have in this case would pass peer review for an empirical economic study?
>
> MS. GOAD: Objection, vague. Calls for speculation.
>
> A. It would look different. This is not a question that -- an approach that I would look for it to an economics journal. It might be -- it might provide the basis where it would have to look rather different than -- journal articles look quite different from these sorts of reports, but it's something that could conceivably be of interest to a public administration journal, for instance, which is a field of -- kind of a subfield of public policy.

The field of "public administration" or "public policy" is how her testimony is framed and her opinions were derived, not the field of economics, her field of expertise. *Daubert*, at a minimum, requires: 1) whether the expert's technique or theory can be tested, **2) whether the technique or theory has been subjected to peer review**, 3) the

2

known or potential rate of error of the technique or theory, **4) the existence and maintenance of standards and controls**, and 5) whether the techniques or theory has been generally accepted in the scientific community. *Daubert*, 509 U.S. at 593-594; Fed. R. Evid. 702. Although neither exclusive nor dispositive, these factors must be considered. Specifically Dr. Badgett's testimony does not withstand scrutiny under factors 2 and 4. She distinctly hedges on whether her methodology would pass peer review. (Badgett Dep. at 102, 103; Defendant's Motion R.E. 85, Ex A.) She has not maintained proper controls over the extremely limited data set she relies on, which was a chart of six Michigan public employers offering OQA benefits, provided by Plaintiffs' counsel without any independent research. (Badgett Dep. at 40-41, 94-97; Defendant's Motion, R.E. 85, Ex. A.) This was a minute sample out of literally hundreds of local governments not sampled. So although an expert may rely on certain materials provided by counsel, *Peteet v. Dow Chemical Co.*, 868 F.2d 1428, 1432 (5th Cir. 1989), the expert must provide some independent verification to satisfy the *standards* and *controls* maintenance requirement of *Daubert*. The Court should consider whether Dr. Bagett is "testifying about certain

3

matters growing naturally and directly out of research she has conducted independent of the litigation, or whether she has developed her opinions expressly for the purpose of testifying." *Daubert v. Merrell Dow Pharmaceuticals Co.*, 43 F.3d 1311, 1317 (9th Cir. 1995). The Court must also assess whether the expert "is being as careful as she would be in her regular professional work outside her paid litigation consulting." *Sheehan v. Daily Racing Form, Inc.*, 104 F.3d 940, 942 (7th Cir. 1997).

In this instance, Dr. Badgett's testimony fails to satisfy all of these requirements. When the Court focuses on the reliability and relevancy of the purported opinions of Dr. Badgett and the lack of definable principles and weak methodology, the testimony should be excluded.

## CONCLUSION AND RELIEF REQUESTED

Defendant requests his motion in limine be granted and Dr. Badgett's testimony be excluded.

                                          Respectfully submitted,

                                          Bill Schuette
                                          Attorney General

                                          /s/ *Michael F. Murphy*
                                          Assistant Attorney General

<table>
<tr><td>Dated:  March 10, 2014</td><td>Attorneys for Defendant<br>Public Employment, Elections<br>and Tort Division<br>P.O. Box 30736<br>Lansing, MI 48909<br>(517) 373-6434<br>MurphyM2@michigan.gov<br>(P29213)</td></tr>
</table>

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on March 10, 2014, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

A courtesy copy of the aforementioned document was placed in the mail directed to:

Hon. David M. Lawson
U.S. District Court for
Eastern District of Michigan
231 W. Lafayette Blvd., Room 802
Detroit, MI 48226

/s/ *Michael F. Murphy*
Assistant Attorney General
Attorneys for Defendant
Public Employment, Elections
and Tort Division
P.O. Box 30736
Lansing, MI 48909
(517) 373-6434
MurphyM2@michigan.gov
(P29213)

2012-0001512-A

5